THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS G. JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON,<br><br>Defendant. | CASE NO. C11-1376-JCC<br><br>ORDER |

This matter comes before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 10, 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and rules as follows.

I.  **BACKGROUND**

This case arises out of the actions of the Washington State Gambling Commission in shutting down a person-to-person betting website founded by *pro se* Plaintiff Nicholas Jenkins. According to the Complaint, the Gambling Commission wrongfully concluded that the website, betcha.com, was engaged in bookmaking and transmitting gambling information in violation of RCW 9.46.0269 and RCW 9.46.240. The Commission issued a cease-and-desist order less than a month after Mr. Jenkins launched the site in June 2007, and it later seized records and equipment at betcha.com's offices. (*See* Dkt. No. 1.)

Mr. Jenkins filed a declaratory judgment action against the Commission in state court,

seeking a ruling that the website did not violate Washington law. The matter ultimately proceeded to the Washington Supreme Court, which ruled in September 2010 that betcha.com did indeed engage in bookmaking in violation of Washington's Gambling Act. *See Internet Cmty. & Entm't Corp. v. Wash. State Gambling Comm'n*, 169 Wash. 2d 687, 238 P.3d 1163 (2010). Mr. Jenkins also sued the Gambling Commission and others in Thurston County Superior Court, alleging violations of his constitutional rights under 42 U.S.C. § 1983 and various common law causes of action. *See Jenkins v. Wash. State Gambling Comm'n, et al.*, Case No. C10-5531-RBL (W.D. Wash 2010). The defendants removed the action to this Court, and pursuant to Mr. Jenkins' motion for voluntary dismissal, the Court dismissed all claims with prejudice in September 2010. (*See id.*, Dkt. No. 38.)

Mr. Jenkins filed the instant action in August 2011, naming as Defendants the State of Washington and unknown state officials acting in their official capacities. The State answered the Complaint and now moves for summary judgment[1] on various grounds, including insufficiency of service of process, statutes of limitations, and *res judicata*. (Dkt. No. 10.) Mr. Jenkins also moves for summary judgment. (Dkt. No. 16.)

## II. DISCUSSION

The first basis on which the State seeks dismissal of Mr. Jenkins's claims is insufficiency of service of process. To the extent that Mr. Jenkins has not effectuated proper service as required under Federal Rule of Civil Procedure 4, the Court would be without jurisdiction to consider the parties' remaining arguments. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (noting that a defendant must be served in accordance with Rule 4 "or there is no personal jurisdiction"). The Court therefore addresses the service of process argument first.

---

[1] The State styles its motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and/or a motion for summary judgment under Rule 56. A Rule 12(b)(6) motion, however, must be brought before any responsive pleading is filed. Fed. R. Civ. P. 12(b). In any case, because the State's motion implicates matters outside the pleadings, the Court construes the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

ORDER
PAGE - 2

The plaintiff bears the burden of establishing the validity of service under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). In some instances, Rule 4 may be liberally construed "so long as the opposing party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). The sufficient notice exception, however, is not an invitation to ignore Rule 4. The Ninth Circuit has held that failure to comply with service requirements does not warrant dismissal if: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). A party's *pro se* status, alone, is not a justifiable excuse for defective service. *See Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992).

The State argues that Mr. Jenkins failed to comply with Rule 4 in serving his Complaint. A state or local government that is subject to suit must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Washington law requires that service of a complaint and summons upon a state agency must be carried out by service "upon the attorney general, or by leaving the summons and complaint in the office of the attorney general with an assistant attorney general." RCW 4.92.020.

Here, there is no dispute that Mr. Jenkins's process server did not serve the Complaint upon an assistant attorney general. Rather, he left the Complaint with an employee at the front desk of the Office of the Attorney General in Seattle. (Dkt. No. 13-1.) The Washington State Court of Appeals has previously held that service on an administrative assistant at the Office of the Attorney General is not valid service on the State of Washington. *See Landerville v. Shoreline Cmty. Coll. Dist. No. 7*, 53 Wash. App. 330, 766 P.2d 1107 (1988). The *Landerville*

ORDER
PAGE - 3

1  court reasoned that RCW 4.92.020 explicitly requires service on an assistant attorney general,
2  and that substituted service was therefore unacceptable. *Id.* at 332.
3    Mr. Jenkins contends that his process server asked for an assistant attorney general but
4  was rebuffed by the front-desk employee, who told him she would deliver the Complaint to an
5  assistant attorney general herself. (Dkt. No. 13 at 3; Dkt. No. 13-1.) The plaintiff in *Landerville*
6  raised that very argument, and the court rejected it, holding that "reliance upon the process
7  server's statements regarding the administrative assistant's authority was not reasonable." 53
8  Wash. App. at 332. Thus, *Landerville* involved precisely the conduct at issue here, and the Court
9  likewise concludes that Plaintiff does not have a justifiable excuse for failing to serve the State of
10 Washington properly.
11   Having concluded that Plaintiff has not demonstrated proper service, the Court must
12 dismiss the action without prejudice or order that proper service be made within a specified time.
13 *See* Fed. R. Civ. P. 4(m); *see also Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th
14 Cir.1976) (choice between dismissal and quashing service is within district court's discretion). In
15 this case, the Court sees no reason why service cannot be properly effectuated. The Court
16 therefore retains the action but quashes Plaintiff's service on the State.

17 **III.   CONCLUSION**
18   For the foregoing reasons, the Court QUASHES service of process on the State of
19 Washington. Plaintiff must properly serve the State of Washington within 20 days of the date of
20 this Order by either (1) delivering a copy of the Summons and Complaint to the governor, as
21 chief executive officer, or (2) serving the Washington State Attorney General or leaving the
22 Summons and a copy of the Complaint in the office of the Attorney General *with an assistant*
23 *attorney general*. Plaintiff, also within 20 days of the date of this Order, must file a submission
24 with the Court establishing proper service of the Summons and a copy of the Complaint on the
25 State of Washington, absent which the Court will dismiss this matter without prejudice under
26 Rule 4(m).

1   The parties' cross-motions for summary judgment (Dkt. Nos. 10, 16) are terminated
2 pending proper service. Upon Plaintiff's filing a submission as ordered above, the Court will
3 reinstate the motions for consideration.

4   DATED this 10th day of August 2012.

／s／ John C. Coughenour

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5