THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS G. JENKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | CASE NO. C11-1376-JCC<br><br>ORDER |

This matter comes before the Court on the parties' cross-motions for summary judgment. (Dkt. Nos. 10, 16.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Defendant's motion and DENIES Plaintiff's motion for the reasons explained herein.[1]

**I.    BACKGROUND**

In 2007, Nicholas Jenkins launched Betcha.com ("Betcha"), a person-to-person betting website that Mr. Jenkins billed as "an Ebay for bets." (Dkt. No. 16 at 3–4.) Unlike traditional gambling establishments, Betcha gave losing bettors the option of not paying their debts. (*Id.* at 4.) Rather, Betcha featured a feedback system to induce bettors to pay their obligations or risk

---

[1] Because neither party requested oral argument and such argument would not be beneficial in the resolution of this case, the Court decides the motions based on the parties' submissions. *See* Local Rules W.D. Wash. CR 7(b)(4) (all motions to be decided without oral argument unless argument is requested in the caption of the motion and the Court grants the request).

ORDER
PAGE - 1

negative feedback and the possibility that others would not bet with them. (*Id.*) Mr. Jenkins also believed that Betcha's system steered clear of Washington's online gambling prohibition. (Dkt. No. 17-1 at 3–13.) The Washington State Gambling Commission ("WSGC") disagreed, however, and issued Betcha a cease and desist order. (Dkt. No. 10 at 3.) The WSGC also instituted forfeiture proceedings after it seized property from Betcha's offices. Mr. Jenkins filed a lawsuit in state court seeking a declaratory judgment that Betcha did not violate Washington law. (*Id.*) The parties agreed that the forfeiture action would be resolved based upon the outcome of the declaratory judgment action. The trial court found that Betcha's conduct violated Washington's gambling prohibition, but a divided court of appeals reversed. The Washington Supreme Court then unanimously reversed the court of appeals and held that Betcha engaged in bookmaking in violation of Washington's gambling law. *See Internet Cmty. Entm't Corp. v. Wash. State Gambling Comm'n*, 238 P.3d 1163, 1168 (Wash. 2010). The property that had been seized from Betcha was forfeited to the State as a result of this ruling.

Before the Washington Supreme Court issued its opinion, Mr. Jenkins filed a second action against the State of Washington, the WSGC, and various state employees for civil rights violations based upon the seizure of Betcha's property. (Dkt. No. 10 at 4.) Among other claims, Mr. Jenkins's complaint sought a declaration that Wash. Rev. Code §§ 9.46.240 and 9.46.245 of concerning gambling were unconstitutional and void, though his complaint did not specify on what basis. (Dkt. No. 11-1 at 28.) Following removal to the federal district court, the court dismissed Plaintiff's claims with prejudice upon Mr. Jenkins' motion. (*Id.* at 30.)

After the Washington Supreme Court held that Betcha's business model violated Washington law, Plaintiff initiated this lawsuit. Mr. Jenkins seeks damages under 42 U.S.C. § 1983, injunctive relief, and a declaration that Wash. Rev. Code § 9.46.240 is unconstitutional. (Dkt. No. 1 at 11–13.) The State of Washington is the only identifiable defendant named in

1 Plaintiff's Complaint.[2] (Dkt. No. 1.) The parties agreed to resolve the matter through the cross-
2 motions for summary judgment now before the Court. (Dkt. No. 9.) After initially considering
3 those motions, the Court ordered Plaintiff to properly serve Defendant before the action could
4 proceed. (Dkt. No. 21.) Because Plaintiff has corrected the issue of insufficient service of
5 process, (*see* Dkt. No. 25), the Court now considers the motions.

6       Plaintiff's motion argues (i) that the Washington Supreme Court's decision in *Internet*
7 *Cmty. Entm't* constitutes a due process violation that entitles him to damages and injunctive
8 relief; and (ii) that Wash. Rev. Code § 9.46.240 is unconstitutional under the First Amendment,
9 the Fifth and Fourteenth Amendment due process clauses, and the Dormant Commerce Clause.[3]
10 (Dkt. No. 16.) Defendant's motion asserts that Plaintiff's claims are barred by the statute of
11 limitations, *res judicata*, the Eleventh Amendment; that Plaintiff's § 1983 claims fail to state a
12 claim; and that Wash. Rev. Code § 9.46.240 is constitutional. (Dkt. No. 10.) Because the Court
13 disposes of this case based on the grounds that the State of Washington is not a "person" that can

---

[2] Mr. Jenkins also names "John Doe" defendants in their official and individual capacities, though he does not identify these individuals' positions or explain why he was unable to identify, locate, or serve them. Plaintiff appears still not to have discovered their identity, as he neither sought to amend his Complaint to list them by name nor otherwise served the Complaint and summons upon them in accordance with the Federal Rules of Civil Procedure. The Court has no jurisdiction over the Doe defendants, s*ee Omni v. Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987), and dismisses Plaintiff's claims against the unnamed defendants for lack of personal jurisdiction.

[3] Defendant does not raise the *Rooker-Feldman* doctrine in its briefing, but the Court finds, *sua sponte*, that Mr. Jenkins' due process claim is barred on that ground. The *Rooker-Feldman* doctrine restricts a federal district court from "exercis[ing] appellate review over final state court judgments[,]" whether the new case is styled as a direct appeal or constitutes the *de facto* equivalent. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The doctrine bars jurisdiction when: (1) a "plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court," and (2) "seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). Even a constitutional claim is barred if it is an attempted appeal of a final state court judgment. *Cooper*, 704 F.3d at 781; *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir. 1986). Mr. Jenkins' due process claim is, in both form and substance, a *de facto* appeal of the Washington Supreme Court's 2010 decision that *Rooker-Feldman* squarely precludes. He alleges that the Washington Supreme Court's interpretation of Wash. Rev. Code. § 9.46.213 *et seq.*, was so "unreasonable and unforeseeable" that it constitutes a due process violation (Dkt. Nos. 1 at 11; 16 at 18–26), and asks the Court to either "enjoin the State on *Bouie* grounds from enforcing any laws that incorporate [section 9.46].213 against Plaintiff" or simply abrogate the Washington Supreme Court's decision as a "judicial usurpation of the power to write laws." (Dkt. No. 16 at 25–26.) To do so would require this Court to review and reject the Washington Supreme Court's 2010 decision. The *Rooker-Feldman* doctrine precludes consideration of such a claim.

1  be sued under § 1983 and is immune from suit under the Eleventh Amendment, the Court does
2  not consider the parties' remaining arguments.
3  **II.   DISCUSSION**
4      **A.   Legal Standard**
5      A court must grant summary judgment when "the pleadings . . . together with the
6  affidavits, if any, show that there is no genuine issue as to any material fact and that the moving
7  party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
8  247 (1986); Fed. R. Civ. P. 56(a). "[W]hen parties submit cross-motions for summary judgment,
9  '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cnty. v.*
10 *Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citation omitted). To determine whether a
11 party is entitled to judgment as a matter of law, the court must view facts and draw inferences
12 from the record in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255.
13 After a party has demonstrated that it is entitled to summary judgment, the opposing party "must
14 come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec.*
15 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
16     **B.   The State of Washington is Not a Person Under Section 1983**
17     A plaintiff may only maintain an action under section 1983 for violations of
18 constitutional rights performed by "person[s] acting under color of state law." *See* 42 U.S.C. §
19 1983. States, state agencies, and state officials sued in their official capacity are not persons
20 under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Maldonado v. Harris*,
21 370 F.3d 945, 951 (9th Cir. 2004). Here, Plaintiff's causes of action for monetary, injunctive, and
22 declaratory relief are each constitutional claims that can only be brought via 42 U.S.C. § 1983.[4]

---

24     [4] The Ninth Circuit has repeatedly recognized that a plaintiff may bring a § 1983 claim for declaratory and injunctive relief in a pre-enforcement context. The Court accordingly finds that Plaintiff's constitutional claims,
25 even though some seek a pre-enforcement declaratory judgment as to the constitutionality of Washington law as applied to Plaintiff's conduct under 28 U.S.C. § 2201, are properly construed under § 1983's rubric. *See Libertarian*
26 *Party of Los Angeles v. Bowen*, 709 F,3d 867 (9th Cir. 2013) (considering pre-enforcement injunctive and declaratory relief claims under section 1983); *Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010) (same); *Culinary*

ORDER
PAGE - 4

*See Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983"); *see also Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 917 (9th Cir. 2003) (recognizing that claims for declaratory and injunctive relief against application of state law on constitutional grounds, even though not expressly pleaded under § 1983, are required to be brought under that provision).[5] Because the State of Washington is not a "person" that may be sued under § 1983, *see Will*, 491 U.S. at 66, Plaintiff's constitutional claims are barred as a matter of law.

While this conclusion is straightforward, the Court notes that Defendant argues in its brief that it cannot be sued under 42 U.S.C. § 1983 "for damages." Plaintiff similarly concedes that his § 1983 claims fail insofar as he seeks money damages, but argues that his claims for declaratory and injunctive relief escape the ramifications of this legal authority. (Dkt. No. 13 at 7.) Both parties read the law too narrowly. The relevant authority makes clear that a state is not a "person" for § 1983 purposes regardless of the nature of relief sought. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see, e.g.*, *Gaby v. Bd. of Trustees of Comm. Technical Colleges*, 348 F.3d 62, 63 (2d Cir. 2003) (claim for prospective injunctive relief barred against state entity because it was not a "person" under § 1983); *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) (same); *Kaimowitz v. Bd. of Trustees*, 951 F.2d 765, 767 (7th Cir. 1992) (claim seeking, *inter alia*, declaratory relief against state entity barred because defendant was not a "person" under § 1983). The limited exception upon which Plaintiff appears to rely—the "prospective injunctive relief" exception—does not save his claim because it applies only where a plaintiff seeks such relief against an individual state official. *See Will*, 491 U.S. at 71 n.10 ("a state official in his or

---

*Workers Union, Local 226 v. Del Papa*, 200 F.3d 614 (9th Cir. 1999) (same); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1999) (same).

[5] *Accord Rogari v. California Coastal Comm'n*, 191 F.3d 461 (9th Cir. Sept. 7, 1999) (unpublished) (declaratory judgment claim that state commission violated plaintiff's due process rights barred because it had to be brought under § 1983 and the state entity was not a "person" that could be sued under that statute).

ORDER
PAGE - 5

her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'"); *accord Doe v. Lawrence Livermore Nat'l Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997). Accordingly, Plaintiff's claims necessarily fail in light of his decision to proceed directly against the State of Washington.

### C. The State of Washington is Immune Under the Eleventh Amendment

The Court next addresses the State of Washington's assertion of immunity under the Eleventh Amendment in its summary judgment motion. (*See* Dkt. No. 10 at 10.) Mr. Jenkins argues that (i) the State waived its immunity by removing Plaintiff's previous 2010 lawsuit to federal court; (ii) the State waived its immunity by engaging in affirmative litigation conduct, *i.e.*, requesting costs and attorneys' fees in its Answer; and (iii) that Eleventh Amendment immunity does not bar claims for prospective injunctive relief. (Dkt. No. 13 at 13–14.) Each of Mr. Jenkins arguments is unpersuasive.

The Eleventh Amendment bars suits against a state or its agencies for all types of relief, regardless of the nature of the relief, absent unequivocal consent by the state to be sued. *Pennhurst v. Halderman,* 465 U.S. 89, 100 (1984); *Krainski v. State ex rel. Bd. of Regents,* 616 F.3d 963, 967 (9th Cir. 2010); *Romano v. Bible,* 169 F.3d 1182, 1185 (9th Cir. 1999). While the immunity is not absolute in the pure sense of the term, the Supreme Court recognizes "only two circumstances in which an individual may sue a State." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). The first scenario exists when Congress abrogates a state's immunity by exercising its power under the Fourteenth Amendment. The second exists when a state "waive[s] its sovereign immunity by consenting to suit." *Id.* A state waives its sovereign immunity only when it "voluntarily invokes [the federal courts'] jurisdiction" or "makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." The test is a "stringent one," and the State's consent to suit must be "unequivocally expressed." *Id.*; *see Pennhurst*, 465 U.S. at 99.

Plaintiff first argues that the State waived its immunity when it removed a previous state court lawsuit to federal court with other defendants and that this waiver extends to the instant lawsuit because it is "logically related" to the previous action insofar as they both involve Betcha. (Dkt. No. 13 at 12.) Plaintiff relies upon *In re Lazar*, 237 F.3d 967 (9th Cir. 2001), in which the Ninth Circuit discussed the extent to which a state waives its immunity by filing a proof of claim in a bankruptcy action, as established in *Gardner v. New Jersey*, 329 U.S. 565 (1947), and codified in 11 U.S.C. § 106(b). The court held that "when a state . . . files a proof of claim in a bankruptcy proceeding, the state waives its Eleventh Amendment immunity with regard to the bankruptcy estate's claims [in a subsequent mandamus action] that arise from the same transaction or occurrence as the state's claim." 237 F.3d at 978. Plaintiff offers no authority applying *In re Lazar* in a non-bankruptcy scenario, much less a situation where a state defendant waived immunity by removing a state court lawsuit to federal court under *Lapides v. Board of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002), and where that waiver was found to extend to a subsequent action by the same plaintiff. (Dkt. No. 13 at 12–13.)

The Court is not persuaded that the State of Washington has waived its immunity on this ground. Even assuming that the State's previous removal of the 2010 case constituted a waiver of immunity in that case, Plaintiff expressly acknowledges that this lawsuit is based on the harm caused as a result of the Washington Supreme Court's decision, which had not yet been decided when Mr. Jenkins filed (and subsequently dismissed) his previous lawsuit. In such a circumstance, the transaction underlying the claim is different and the previous waiver should not extend to this newest attempt by Mr. Jenkins to sue to the State of Washington. The Court also notes that Plaintiff argues throughout his briefing that this action is sufficiently different to evade preclusion under *res judicata* principles, and ultimately contends with regard to waiver that the two actions are sufficiently related merely because both involve Betcha. (Dkt. No. 13 at 7–11) The fact that both claims involve Betcha is not, in the Court's view, enough to conclude that they arise out of the same transaction or occurrence without additional commonalities. Such

a conclusion would ignore Plaintiff's repeated arguments that he could not have pursued the instant claims (i) because the Washington Supreme Court had not issued its 2010 decision; and (ii) because his constitutional claims are based on his new plan to operate Betcha from out of state at some unspecified point in the future, which was not at issue in the previous case.[6] Plaintiff's claims here are not so closely related to those in the previous lawsuit that the State's previous removal constitutes a waiver of immunity in this lawsuit.

Plaintiff next contends that the State of Washington waived its immunity by engaging in affirmative litigation conduct in federal court, *i.e.*, by requesting costs and fees in its Answer. The Ninth Circuit has articulated the general principle that a state defendant may not appear in federal court, "actively litigate the case on the merits, and only later belatedly assert its immunity from suit to avoid an adverse result." *Hill v. Blind Indus. and Servs. of Maryland*, 170 F.3d 754, 759 (9th Cir. 1999). The Court is not persuaded that Defendant's request for fees alone demonstrates the State's clear intent to waive its immunity or is fairly construed as a voluntary invocation of this Court's jurisdiction. The State of Washington requested costs and fees in a formulaic manner, but also asserted in its Answer that it was not a "person" against whom liability could be imposed. (Dkt. No. 4 at ¶ 18.) That invocation did not expressly mention sovereign immunity, but was still a clear reference to the fact that the State is not a "person" for § 1983 purposes. That analysis fairly implicates the co-extensive nature of § 1983 and a state's Eleventh Amendment immunity. The State then raised sovereign immunity in its motion to dismiss and/or for summary judgment, which was filed less than two months after this Court set

---

[6] The Court questions whether *In re Lazar* even applies to this matter given the narrow scope of its holding to bankruptcy proceedings. *See Hill v. Wash. State Dep't of Corrections*, 628 F.Supp.2d 1250, 1267–68 (W.D. Wash. 2009) (recognizing that *In re Lazar* stands for the "very narrow proposition" that when a state or an "arm of the state" files a proof of claim in a bankruptcy proceeding it waives its Eleventh Amendment immunity with regard to the bankruptcy estate's claims that arise from the same transaction or occurrence as the state's claim). Even if *In re Lazar* did apply and the Court concluded that the State's previous waiver extended to this action, it only applies to the State of Washington's Eleventh Amendment immunity. It would not render the State a "person" for §1983 purposes, and Plaintiff's claims would remain insufficient as a matter of law. *See Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (explaining that while a State might be able to waive its Eleventh Amendment immunity, that does not change the fact "that § 1983 creates no remedy against a State.").

the case management schedule. (Dkt. Nos. 4 at ¶ 18; 10 at 10.)

When considering that such actions were taken promptly to assert its immunity, it is clear that the State has not consented to waiver merely by appearing in this litigation—that Plaintiff filed in federal court—and including a basic request for fees in its responsive pleading. *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 330 n.38 (5th Cir. 2009) (finding no waiver of Eleventh Amendment immunity despite state defendant's request for attorneys' fees in answer); *Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999) (rejecting argument that state entity waived immunity where it "involve[ed] itself in federal court litigation" and deposited proceeds into the court's register because the state "did not unequivocally express its assent to suit" and instead asserted immunity in its pleadings). Mr. Jenkins received fair notice of the State's intent to assert its immunity in this action and had a full opportunity to brief the issue early in the proceedings. The Court accordingly cannot conclude that the State's conduct "clearly manifested" its acceptance of federal jurisdiction or was sufficiently dilatory or unfair to Plaintiff to warrant a finding of waiver. *Cf. Hill*, 170 F.3d at 759 (state defendant waived immunity where it not only failed to timely raise immunity as a defense, but defended the case on the merits and proceeded to trial before raising the issue).

Finally, the Court rejects Plaintiff's renewed attempt to rely upon the *Ex parte Young* exception to immunity. (Dkt. No. 13 at 14.) It is true that "a suit against state officers [] does not violate a state's Eleventh Amendment immunity in certain circumstances where the claimant is seeking only declaratory and injunctive relief." *Yakama Indian Nation*, 176 F.3d at 1245 (citing *Idaho v. Couer d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)). One such circumstance is where a plaintiff "seeks prospective [equitable] relief to end a state officer's ongoing violation of federal law." *Id.* (citation omitted); *see Ex parte Young*, 209 U.S. 123 (1908). This limited exception applies only where a suit is maintained against a state official, however; it does not permit suits to proceed directly against a state. *See Ex parte Young*, 209 U.S. 123 (1908) (holding that federal courts have jurisdiction over suits against state officers to enjoin official actions that

1 violate federal statutory or constitutional law even if state itself is immune from suit under the

2 Eleventh Amendment); *Southern Pac. Transport Corp. v. City of Los Angeles*, 922 F.2d 498, 508

3 (9th Cir. 1990) (claims for injunctive and declaratory relief against state or its agencies are

4 barred under Eleventh Amendment because *Ex parte Young* has no application where individual

5 officials are not named as defendants).[7] Here, Mr. Jenkins named only the State of Washington.

6 The State remains immune from suit under the Eleventh Amendment, regardless of the fact that

7 Mr. Jenkins seeks prospective injunctive or declaratory relief, and there are no individual

8 defendants against whom Mr. Jenkins could attempt to obtain such relief in this lawsuit.

### III. CONCLUSION

Because the State of Washington cannot be sued under 42 U.S.C. § 1983 and is entitled to immunity from suit under the Eleventh Amendment, Defendants' motion for summary judgment (Dkt. No. 10) is GRANTED. Plaintiff's motion for summary judgment (Dkt. No. 16) is, in turn, DENIED. The Court will enter judgment accordingly. The Clerk is respectfully directed to CLOSE this case.

//
//
//
//
//

---

[7] The Ninth Circuit has consistently rejected such attempts to expand the reach of the *Ex parte Young* exception to immunity. *See Shallowhorn v. Molina*, --- Fed. App'x ---, Case No. 11-16383 (9th Cir. May 15, 2014) (unpublished) ("The doctrine established in *Ex parte Young* . . . is limited to claims against individual state officials and does not extend to agencies"); *ACLU of Nevada v. Nevada Comm'n on Judicial Discipline*, 156 Fed. App'x 933 (9th Cir. Nov. 16, 2005) (unpublished) ("*Ex parte Young* [] only provides an exception to Eleventh Amendment immunity when suit is brought against the officers themselves, rather than against the state or its agencies"); *Nat'l Audubon Soc'y Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) ("the [] state agencies are also immune from suit because they are state entities, not individual state officers"); *In re Lazar*, 237 F.3d 967, 976 n.9 (9th Cir. 2001) (*Ex parte Young* doctrine "inapposite" where plaintiff sued only the state entity rather than the appropriate individual officers); *Douglas v. Cal. Dept. of Youth Authority*, 271 F.3d 812, 821 n.6 (9th Cir. 2001) (holding that "[b]ecause [the plaintiff] has not named a state official as a defendant in this suit, the *Ex parte Young* doctrine does not apply.").

DATED this 29th day of August 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE